UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS GERVASIO,

                        Plaintiff,

          -vs-                                      13-CV-796-JTC

DIVERSIFIED CONSULTANTS, INC.,

                        Defendant.

---

Plaintiff Thomas Gervasio brought this action in July 2013 against defendant Diversified Consultants, Inc. ("DCI") seeking actual and statutory damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq.*, based on allegations that defendant utilized an automatic telephone dialing system ("ATDS"), as defined in the TCPA,[1] to place multiple calls to plaintiff's cellular telephone number in an effort to collect on a debt owed by plaintiff to an unknown creditor.[2]  *See* Item 1, ¶¶ 19, 20.  In its answer, DCI denies the allegations that it engaged in conduct violating the TCPA.  *See* Item 6.

DCI has now moved for a temporary stay of proceedings in this action pending the outcome of several petitions filed with the Federal Communications Commission

---

[1]     (1) The term "automatic telephone dialing system" means equipment which has the capacity–
        (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
        (B) to dial such numbers.

47 U.S.C. § 227(a).

[2] Plaintiffs also sought damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, based on the same conduct.  The parties have since settled the FDCPA claims (*see* Item 14, Mediation Certification).

("FCC") seeking declaratory rulings for clarification of the very same TCPA issues raised by plaintiff in this action. *See* Item 15. By affirmation filed in response to the motion to stay, plaintiff's counsel has advised the court that, for purposes of judicial efficiency, plaintiff consents to the temporary stay of proceedings in light of similar relief granted by this court in *Passero v. Diversified Consultants, Inc.*, No. 13-CV-330-JTC, 2014 WL 2257185 (W.D.N.Y. May 28, 2014).

In *Passero*, the court indicated its agreement with the reasoning and approach of several federal district courts that have stayed litigation of these same issues in deference to the "primary jurisdiction" of the FCC over questions regarding technical considerations and policy matters clearly within the agency's particular field of expertise and discretion, and well outside the conventional experience of the courts. *See Passero*, 2014 WL 2257185, at *2-3 (citing cases). Upon review of the matters set forth in the present application for a stay, and considering plaintiff's consent to the relief requested, the court finds that the same considerations apply in this case.

Accordingly, the court makes the following order:

1. Defendant's motion to stay (Item 15) is granted, for the reasons stated therein. All discovery and other pretrial proceedings in this action are stayed until a decision is issued by the FCC addressing the TCPA issues raised in the multiple petitions pending before it relevant to the claims remaining for determination in this case.

2. Within fourteen days of any such ruling by the FCC, defendant shall file a status report advising the court of the FCC's order, and attaching a copy

of the order as an exhibit.  If the FCC does not issue a ruling on these matters by November 21, 2014, defendant shall file a status report by that date advising the court as to the FCC's progress on resolving the petition. Upon receipt and review of these filings, the court will set an appropriate schedule for further proceedings.

So ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated:   August 13, 2014
p:pending/2013/13-796.temp stay.aug7.2014